IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARVIN FLEMING

    Plaintiff,

vs.

GEO GROUP, et al.,

    Defendants.

CV F 07 0461 OWW WMW PC

ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND

Plaintiff is a federal prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915[1]. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

---

[1] A Bivens cause of action is a judicially created counterpart to 42 U.S.C. § 1983 for claims against federal officers. Since federal officials do not ordinarily act under color of state law, constitutional violations by federal officials are generally beyond the reach of § 1983. Bivens established that "victims of a constitutional violation by a federal agent have a right to recover damages against the official in federal court despite the absence of any statute conferring such a right." Bivens, 403 U.S. at 396.

1

1   Plaintiff, a prisoner in the custody of the U.S. Bureau of Prisons at the Federal
2  Correctional Institution in Oakdale, Louisiana, brings this civil rights action against defendant
3  correctional officials for conduct that occurred while Plaintiff was housed at the Federal
4  Correctional Institution at Taft, California.
5   Plaintiff alleges that he requested and was denied forms for filing an action in
6  Kern County Superior Court.  Specifically, Plaintiff was injured, and he sought to file a tort
7  action in state court.  Plaintiff was refused the forms by prison officials.  Plaintiff contacted the
8  Kern County Superior Court, and was informed that the officials at the prison were responsible
9  for providing the forms.  Plaintiff seeks injunctive relief in the form of an order directing the
10  officials to provide him with the forms.
11   When an inmate seeks injunctive or declaratory relief concerning the prison where
12  he is incarcerated, his claims for such relief become moot when he is no longer subjected to those
13  conditions.  See Weinstein v. Bradford, 423 U.S. 147 (1975); Enrico's, Inc. v. Rice, 730 F.2d
14  1250, 1255 (9th Cir. 1984).
15   Plaintiff also appears to set forth a claim for medical malpractice, relating to
16  defendants' conduct related to his medical treatment.  Plaintiff is advised that the standard for
17  unconstitutional medical care is deliberate indifference.  Under the Eighth Amendment, the
18  government has an obligation to provide medical care to those who are incarcerated.  See Lopez
19  v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000).  "In order to violate the Eighth Amendment
20  proscription against cruel and unusual punishment, there must be a 'deliberate indifference to
21  serious medical needs of prisoners.'" Id. (quoting Estelle v. Gamble, 429 U.S. 97. 104 (1976)).
22  Lopez takes a two-prong approach to evaluating whether medical care, or lack thereof, rises to
23  the level of "deliberate indifference."  First, a court must examine whether the plaintiff's medical
24  needs were serious.  See Id.  Second, a court must determine whether "officials intentionally
25  interfered with [the plaintiff's] medical treatment." Id. at 1132.  Plaintiff refers to medical
26

officials in general, but fails to link each named defendant with conduct that shows deliberate indifference, as that term is defined above.

Plaintiff names as defendants correctional officials in a supervisory capacity. Liability may be imposed on supervisory defendants only if (1) the supervisor personally participated in the deprivation of constitutional rights or (2) the supervisor knew of the violations and failed to act to prevent them. Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Taylor v. Lst, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff does not allege that facts indicating that the supervisory defendants participated in, or knew of and failed to prevent, the alleged wrongs.

The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

1  In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed; and

2. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint."    Failure to file an amended complaint will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

Dated:   July 7, 2008                           /s/  William M. Wunderlich
                                                UNITED STATES MAGISTRATE JUDGE