1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

7

## EASTERN DISTRICT OF CALIFORNIA

8

9   MARVIN FLEMING,                          CASE NO. 1:07-cv-00461-OWW-YNP PC

10                  Plaintiff,               FINDINGS AND RECOMMENDATIONS
                                             RECOMMENDING DISMISSAL OF ACTION
11        v.
                                             (Doc. 10)
12   UNITED STATES OF AMERICA, et al.,
                                             OBJECTIONS DUE WITHIN 30 DAYS
13                  Defendants.
     _____/
14

15        Plaintiff Marvin Fleming ("Plaintiff") is a federal prisoner proceeding pro se and in forma

16   pauperis in this civil action pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau</u>

17   <u>of Narcotics</u>, 403 U.S. 388, 91 S.Ct. 1999 (1971), which provides a remedy for the violation of civil

18   rights by federal actors.[1]  Plaintiff was incarcerated at Taft Correctional Institution ("Taft") at the

19   time the events in his complaint took place.  Plaintiff is suing under <u>Bivens</u> for the violation of his

20   rights under the Eighth Amendment.  Plaintiff names Jeff Wrigley (warden), the United States of

21   America, GEO Group, Ndukewe N. Odeluga (medical doctor), Pam Dougles (medical nurse), and

22   Nygren R. Cotr as defendants.  For the reasons set forth below, the Court finds that Plaintiff's First

23   Amended Complaint fails to state any cognizable claims and that Plaintiff's claims are not curable

24   by granting further leave to amend.  The Court will recommend that Plaintiff's claims be dismissed,

25   without leave to amend, for failure to state any cognizable claims.

26   _____

27        [1]Plaintiff has filed his complaint on a form complaint used for actions under 42 U.S.C. § 1983.  Section
     1983 provides a remedy for the violation of civil rights by state actors.  Plaintiff is suing the United States, the
28   federal Bureau of Prisons, and employees of an institution under contract with the federal Bureau of Prisons.  Thus
     this lawsuit is more appropriately brought under <u>Bivens</u>.

I.   **Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

II.  **Background**

     A.   **Procedural Background**

Plaintiff filed the Original Complaint in this action on March 22, 2007. (Doc. #1.) Plaitniff's Original Complaint was screened by the Court on July 7, 2008. (Doc. #8.) The Court dismissed Plaintiff's Original Complaint with leave to amend because Plaintiff failed to state any claims. The

Court found that Plaintiff's claims for injunctive relief were rendered moot because Plaintiff was transferred to a different prison. The Court also found that Plaintiff failed to state any federal claims arising from Defendants' actions in providing medical treatment because their actions did not rise to the level of a constitutional violation. Plaintiff's claim also failed to allege a sufficient link between supervisory defendants and the alleged rights that were violated. Finally, the Court noted that Plaintiff's vague and conclusory allegations were insufficient to state a claim under the Federal Rules of Civil Procedure.

The Court granted Plaintiff leave to amend his complaint to cure the deficiencies identified by the Court in its screening order. Plaintiff filed his First Amended Complaint on August 13, 2008. (Doc. #10.) This action proceeds on Plaintiff's First Amended Complaint.

**B.**   **Factual Background**

Plaintiff alleges that he suffered injury to his right eye that resulted in permanent blindness. On April 19, 2006, Plaintiff was hit in the right eye by a flying billiards ball while he was sitting in a chair. A correctional officer observed the incident and rushed over and took Plaintiff to get medical help. Defendant was seen by the nurse, Defendant Pam Dougles. Plaintiff told Dougles that he was in severe pain and requested an ice pack and some type of pain medication. Dougles performed an eye exam but did not provide an ice pack or medication. Plaintiff requested to see an eye doctor but Dougles told Plaintiff that there was no doctor there and there was no need to see a doctor. Plaintiff left medical and asked the "Unit Team" to see a doctor. Plaintiff was told that medical staff had did everything they could and Plaintiff was sent to his cell. On April 20, 2006, Plaintiff returned to sick call because his eye was completely closed due to swelling. Dougles provided Plaintiff with Tylenol and told Plaintiff that a referral to see a doctor would be made.

On April 23, 2006, Plaintiff was seen by a staff doctor, Defendant Ndukewe N. Odeluga. Odeluga took an x-ray of Plaintiff's eye. Plaintiff asked for stronger pain medication but Odeluga told Plaintiff that he was not authorized to give any other pain medication.

In late April, Plaintiff was told that he had an appointment with a doctor scheduled for June 7, 2006. On May 10, 2006, Plaintiff was called to the Lieutenant's Office and was taken to the Special Housing Unit for an investigation by the "Unit Team" concerning the billiards ball incident.

1  Plaintiff did not receive any medical attention for over three weeks.  On November 11, 2006,

2  Dougles answered Plaintiff's written complaint about his pain and dizziness.  Dougles scheduled an

3  appointment with an eye doctor.

4  **III.**   **Discussion**

5       **A.**   **Bivens Claims Against the United States of America and the Bureau of Prisons**

6       Plaintiff attempts to sue the United States of America and BOP under <u>Bivens</u> for the violation

7  of his constitutional rights.  The United States may not be sued in a <u>Bivens</u> action.  <u>Cato v. U.S.</u>, 70

8  F.3d 1103, 1110 (9th Cir. 1995).  Nor can a federal agency be sued in a <u>Bivens</u> action.  <u>FDIC v.</u>

9  <u>Meyer</u>, 510 U.S. 471, 484 (1994).  BOP is a federal agency.  Plaintiff may not maintain a <u>Bivens</u>

10  action against the United States or BOP.  Plaintiff fails to state any cognizable claims against the

11  United States of America or BOP.

12       **B.**   **Bivens Claims Against GEO Group**

13       Plaintiff names GEO Group as a defendant.  Plaintiff alleges that GEO Group is an agency

14  contracted by the United States government and runs the Taft Correctional Institution.  <u>Bivens</u>

15  actions may not be brought against a private corporation operating under contract with the federal

16  Bureau of Prisons.  <u>Correctional Services Corp. v. Malesko</u>, 534 U.S. 61, 63 (2001).  Plaintiff fails

17  to state any cognizable claims against GEO Group.

18       **C.**   **Eighth Amendment Claims**

19       Plaintiff claims that Defendants violated his rights under the Eighth Amendment through

20  their deliberate indifference toward his medical needs.  The Eighth Amendment prohibits the

21  imposition of cruel and unusual punishments and "embodies 'broad and idealistic concepts of

22  dignity, civilized standards, humanity and decency.'"  <u>Estelle v. Gamble</u>, 429 U.S. 97, 102 (1976)

23  (quoting <u>Jackson v. Bishop</u>, 404 F.2d 571, 579 (8th Cir. 1968)).  A prison official violates the Eighth

24  Amendment only when two requirements are met: (1) the objective requirement that the deprivation

25  is "sufficiently serious", <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994) (quoting <u>Wilson v. Seiter</u>, 501

26  U.S. 294, 298 (1991), and (2) the subjective requirement that the prison official has a "sufficiently

27  culpable state of mind", <u>Id.</u> (quoting <u>Wilson</u>, 501 U.S. at 298).  The objective requirement that the

28  deprivation be "sufficiently serious" is met where the prison official's act or omission results in the

denial of "the minimal civilized measure of life's necessities". Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)).  The subjective requirement that the prison official has a "sufficiently culpable state of mind" is met where the prison official acts with "deliberate indifference" to inmate health or safety.  Id. (quoting Wilson, 501 U.S. at 302-303).  A prison official acts with deliberate indifference when he/she "knows of and disregards an excessive risk to inmate health or safety".  Id. at 837.  "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Id.

Deliberate indifference to a prisoner's serious illness or injury violates the Eighth Amendment.  Estelle, 429 U.S. at 105.  In order to state an Eighth Amendment claim based on deficient medical treatment, a plaintiff must show: (1) a serious medical need; and (2) a deliberately indifferent response by the defendant.  Conn v. City of Reno, 572 F.3d 1047, 1055 (9th Cir. 2009) (quoting Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)).  A serious medical need is shown by alleging that the failure to treat the plaintiff's condition could result in further significant injury, or the unnecessary and wanton infliction of pain.  Id.  A deliberately indifferent response by the defendant is shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need and harm caused by the indifference.  Id.  In order to constitute deliberate indifference, there must be an objective risk of harm and the defendant must have subjective awareness of that harm.  Id.  However, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."  Estelle v. Gamble, 429 U.S. 97, 106 (1976).  Isolated occurrences of neglect do not constitute deliberate indifference to serious medical needs.  See Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992); O'Loughlin v. Doe, 920 F.2d 614, 617 (9th Cir. 1990).

Plaintiff's allegations do not rise to the level of a constitutional violation.  In order to state a Bivens claim against Defendants for violation of his rights under the Eighth Amendment, Plaintiff must provide allegations that demonstrate that Defendants acted with deliberate indifference. Plaintiff, at most, establishes that Defendants provided negligent medical care.  Bivens does not

1   provide a remedy for medical malpractice.  In order to constitute deliberate indifference, Plaintiff

2   must allege that Defendants were aware that their actions or inactions would pose an excessive risk

3   to Plaintiff's safety.  Plaintiff has only alleged that Defendants' should have provided stronger

4   medication and should have referred Plaintiff to an eye doctor sooner.  Defendants' actions, even if

5   erroneous, are not violations of the Eighth Amendment.  Plaintiff does not allege that Defendants

6   deliberately chose to provide weaker pain medication or refused to refer Plaintiff to an eye doctor

7   with the subjective awareness that their actions would present a serious risk of pain and harm to

8   Plaintiff.  Plaintiff fails to state a claim for violation of his Eighth Amendment rights.

9           Plaintiff was previously informed of the deficiencies in his Eighth Amendment medical care

10  claim and was provided with the proper legal standards for stating a cognizable claim in the Court's

11  prior screening order.  (Order Dismissing Compl. With Leave To Amend 2:15-3:2, July 7, 2008.)

12  Plaintiff has not amended his claim in any way that meaningfully addresses the deficiencies

13  identified by the Court.  The Court will recommend that Plaintiff's claims be dismissed without

14  leave to amend.

15          **D.      Claims Against Supervisory Officials**

16          Plaintiff claims that Defendant Jeff Wringley, the warden at Taft, and Nygren R. Cotr, an

17  official with the federal Bureau of Prisons, are liable for failing to hire proper professional medical

18  staff capable of handling the type of emergency situation that resulted in Plaintiff's right eye injury.

19  Supervisory personnel are not liable under Bivens for the actions of their employees under a theory

20  of respondeat superior.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1948 (2009).  Thus, supervisory

21  personnel are not liable for the unconstitutional conduct of their subordinates.  In order to state a

22  claim against supervisory personnel, a plaintiff must plead that the supervisor's own individual

23  actions violated the Constitution.  Id.

24          Plaintiff's vague and conclusory allegations regarding Wringley and Cotr's participation in

25  the alleged violations are not sufficient to state any claims against them.  In order to state a

26  cognizable claim against them, Plaintiff must demonstrate a greater degree of personal participation.

27  Plaintiff does not allege that Wringley and Cotr were aware that the medical staff employed at Taft

28  was not qualified.  Nor does Plaintiff allege how their hiring policy was so deficient that the policy

6

1   itself is a repudiation of constitutional rights and is the moving force of the constitutional violation.

2   See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989).   Further, Plaintiff has not alleged that

3   Wringley and Cotr acted with deliberate indifference–that they had subjective awareness of a serious

4   risk to Plaintiff's health or safety.   Plaintiff fails to state any cognizable claims against Defendants

5   Wringley and Cotr for the violation of his rights under the Eighth Amendment.

6         Plaintiff was previously informed of the deficiencies in his claims against supervisory

7   officials.   (Order Dismissing Compl. With Leave To Amend 3:3-8, July 7, 2008.)   Plaintiff has not

8   amended his claim in any way that meaningfully addresses the deficiencies identified by the Court.

9   The Court will recommend that Plaintiff's claims against Wringley and Cotr be dismissed without

10   leave to amend.

11   **IV.**   **Conclusion and Recommendation**

12         The Court has screened Plaintiff's First Amended Complaint and finds that it fails to state

13   any claims upon which relief may be granted under Bivens.   The Court's July 7, 2008 screening

14   order notified Plaintiff of the same deficiencies in Plaintiff's Original Complaint.   Plaintiff was

15   provided with the opportunity to amend.   Plaintiff's First Amended Complaint failed to remedy the

16   deficiencies in his claims.   Therefore, the Court finds that Plaintiff's claims are not curable by further

17   leave to amend.

18         Accordingly, it is HEREBY RECOMMENDED that Plaintiff's First Amended Complaint

19   be dismissed for failure to state a claim.

20         These Findings and Recommendations will be submitted to the United States District Judge

21   assigned to this case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).   Within **thirty (30)**

22   **days** after being served with these Findings and Recommendations, Plaintiff may file written

23   objections with the Court.   The document should be captioned "Objections to Magistrate Judge's

24   Findings and Recommendations."   Plaintiff is advised that failure to file objections within the

25   specified time may waive the right to appeal the District Court's order.   Martinez v. Ylst, 951 F.2d

26   1153 (9th Cir. 1991).

27         IT IS SO ORDERED.

28   **Dated:   October 8, 2009**                **/s/ Gary S. Austin**

1                                                      UNITED STATES MAGISTRATE JUDGE